|  |  |
|---|---|
| JOSE ARCENIO CUELLAR, | No. C 13-5441 LB |
| Plaintiff, | **ORDER FOR SERVICE OF PROCESS** |
| v. | [Re: ECF No. 1] |
| SALINAS CALIF. SUPERIOR COURT; et al., | |
| Defendants. | |

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

Plaintiff, formerly an inmate in a correctional facility in California, filed this *pro se* civil rights action under 42 U.S.C. § 1983.  At the time the complaint was filed, the full filing fee was paid. Plaintiff is not proceeding under the *in forma pauperis* statute and therefore is responsible for causing the summons and complaint to be served on each defendant.   The court will not serve process for him, nor will it order the U.S. Marshal to do it.

The court now sets the following schedule for plaintiff to cause the summons and complaint to be served on defendants:

    1.    The clerk will issue a summons for each named defendant.  The clerk then will send the summonses to plaintiff for his use in service of process.   The clerk also will send to plaintiff the form "notice of assignment of prisoner case to a United States Magistrate Judge for trial" for

C 13-5441 LB
ORDER

1  plaintiff to serve on each defendant.

2      2.    No later than **April 4, 2014**, plaintiff must (1) file a proof of service showing that he has caused the summons and complaint to be served on each defendant or (2) show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(l)-(m). At the time plaintiff causes the summons and complaint to be served on a defendant, he must also cause to be served on that defendant a "notice of assignment of prisoner case to a United States Magistrate Judge for trial." Once defendants have been served with process, the court will set a briefing schedule for dispositive motions.

    The payment of the full filing fee causes an unusual twist for plaintiff's litigation efforts, which the court now explains so that plaintiff will understand the apparent inconsistencies in the handling of his two actions. Six weeks before he filed this action, plaintiff filed an almost-identical action, *Cuellar v. Salinas Calif. Superior Court,* Case No. C 13-4639 LB. Although someone paid the full filing fee in Case No. C 13-5441 LB, plaintiff applied to proceed *in forma pauperis* in Case No. C 13-4639 LB. As an action filed *in forma pauperis*, Case No. C 13-4639 LB is subject to the provisions of 28 U.S.C. § 1915, including the provision that the "court shall dismiss the case at any time if the court determines that" the action "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). When a case is not filed *in forma pauperis*, the court lacks the authority to *sua sponte* review and dismiss an action that otherwise could be dismissed under § 1915. The court thus has the authority under § 1915 to review and dismiss with leave to amend the *in forma pauperis* complaint in Case No. C 13-4639 LB, but not the paid complaint in Case No. C 13-5441 LB. In this case (i.e., Case No. C 13-5441 LB), the court must wait for service of process and for defendants to file a motion before the court may examine the legal sufficiency of the complaint.

**IT IS SO ORDERED.**

Dated: December 20, 2013

_____
LAUREL BEELER
United States Magistrate Judge