# UNITED STATES DISTRICT COURT
# Northern District of California
## San Francisco Division

| | |
|---|---|
| JOSE ARCENIO CUELLAR,<br><br>        Plaintiff,<br><br>    v.<br><br>SALINAS CALIF. SUPERIOR COURT; et al.,<br><br>        Defendants.<br>_____/ | No. C 13-5441 LB<br><br>**ORDER OF DISMISSAL**<br><br>[Re: ECF No. 1] |

    Plaintiff, formerly an inmate in a correctional facility in California, filed this *pro se* civil rights action under 42 U.S.C. § 1983. At the time the complaint was filed, the full filing fee was paid. The court issued an order for service of process on December 20, 2013, explaining that, because plaintiff was not proceeding under the *in forma pauperis* statute, he had to cause the summons and complaint to be served on each defendant. ECF No. 4. The court set a deadline of April 4, 2014 for plaintiff to "(1) file a proof of service showing that he has caused the summons and complaint to be served on each defendant or (2) show cause why this action should not be dismissed for failure to serve process within 120 days of the filing of the complaint. *See* Fed. R. Civ. P. 4(l)-(m)." ECF No. 4 at 2. Plaintiff did not do either one.

    On January 31, 2014, plaintiff filed a copy of the summons with a proof of service on which he

wrote that he returned the summons unexecuted because "I scare them because they are dishonests (sic) and criminals." ECF No. 9 at 2. That statement does not show good cause for failing to serve the summons and complaint.

On March 17, 2014, plaintiff sent a letter asking the court to send him money. He wrote that he had several medical problems and no money to buy stamps. He further wrote: "I respectfully request to the Court to send me some money in advance to my civil rights action under 42 U.S.A. 1983, the sum is $250,000 because I wish to start to rebuild my life and I do understand that the rights to ask for these money." ECF No. 10 at 1 (errors in source). Plaintiff misunderstands how the litigation process works. A plaintiff might obtain money damages from a defendant if he prevails on his claims or if the parties reach a settlement agreement. However, the court is not the source from which funds are paid if a plaintiff prevails or reaches a settlement, nor does the court advance funds to litigants to pursue their litigation efforts. The request for money therefore is denied.

To the extent the March 17, 2014 letter could be construed to be a request to proceed as a pauper so that the court could order service of process without cost to plaintiff, that request must be denied. If plaintiff had not paid the filing fee at the outset and was proceeding as a pauper, this action would have been dismissed long ago. The court earlier explained the situation:

> The payment of the full filing fee causes an unusual twist for plaintiff's litigation efforts, which the court now explains so that plaintiff will understand the apparent inconsistencies in the handling of his two actions. Six weeks before he filed this action, plaintiff filed an almost-identical action, *Cuellar v. Salinas Calif. Superior Court,* Case No. C 13-4639 LB. Although someone paid the full filing fee in Case No. C 13-5441 LB, plaintiff applied to proceed *in forma pauperis* in Case No. C 13-4639 LB. As an action filed *in forma pauperis*, Case No. C 13-4639 LB is subject to the provisions of 28 U.S.C. § 1915, including the provision that the "court shall dismiss the case at any time if the court determines that" the action "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). When a case is not filed *in forma pauperis*, the court lacks the authority to *sua sponte* review and dismiss an action that otherwise could be dismissed under § 1915. The court thus has the authority under § 1915 to review and dismiss with leave to amend the *in forma pauperis* complaint in Case No. C 13-4639 LB, but not the paid complaint in Case No. C 13-5441 LB. In this case (i.e., Case No. C 13-5441 LB), the court must wait for service of process and for defendants to file a motion before the court may examine the legal sufficiency of the complaint.

ECF No. 4 at 2. If plaintiff was proceeding as a pauper, the court would have the authority to order the Marshal to serve process without cost to plaintiff, *see* 28 U.S.C. § 1915(d), but the court also

C 13-5441 LB
ORDER
2

would have the authority to dismiss the complaint, *see id.* at § 1915(e)(2), and would choose to dismiss it under § 1915(e)(2)(B)(iii) rather than order service of process because the defendants have absolute judicial immunity as explained in the dismissal of plaintiff's nearly identical action, *Cuellar v. Salinas California Superior* Court, Case No. C 13-5441 LB.  Thus, it would not aid plaintiff to apply to proceed as a pauper in this action.

    Plaintiff has not caused defendants to be served with the summons and complaint within 120 days of the filing of the complaint and has not shown good cause for his failure to cause them to be served with the summons and complaint.  Accordingly, this action is DISMISSED without prejudice.  *See* Fed. R. Civ. P. 4(m).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 10, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 13-5441 LB
ORDER
3

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**